## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MIRANDA MONDAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-01624-TWP-MKK |
| | ) | |
| TRANSJET CARGO LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## AND ENTERING FINAL JUDGMENT

The Magistrate Judge submitted her Report and Recommendation to Dismiss Complaint Without Prejudice (Dkt. 53) on December 9, 2025, due to Plaintiff's repeated failures to comply with Court orders. On December 18, 2025, *pro se* Plaintiff Miranda Monday ("Ms. Monday") filed a letter which the Court construes as an Objection to the Report and Recommendation (Dkt. 54). For the reasons explained in this Order, the Magistrate Judge's Report and Recommendation is **adopted,** Ms. Monday's objection is **overruled**, and final judgment is entered.

## I.    LEGAL STANDARD

A district court may assign dispositive matters to a Magistrate Judge, in which case the Magistrate Judge may submit to the district judge only a report and recommended disposition, including any findings of fact. 28 U.S.C. § 636(b)(1)(B) (2012); Fed. R. Civ. P. 72(b)(1). *See also Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760 (7th Cir. 2009). Because the Report and Recommendation suggests dismissal without prejudice—a dispositive ruling—as an appropriate sanction for Ms. Monday's failure to appear, the Court reviews the recommendation and Ms. Monday's objection *de novo*. "The magistrate judge's recommendation on a dispositive matter is not a final order, and the district judge makes the ultimate decision to adopt, reject, or modify it."

*Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760 (7th Cir. 2009). *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

After a magistrate judge makes a report and recommendation, either party may object within fourteen days. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). When a party raises specific objections to findings and recommendations made within the magistrate judge's report, the district court is required to review those objections *de novo*, determining for itself whether the recommendations are supported by substantial evidence or were the result of an error of law.  28 U.S.C. § 636(b)(1) (2012); Fed. R. Civ. P. 72(b)(3).  *See also Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

## II.    DISCUSSION

This matter is set for final pretrial conference on January 7, 2026 and trial by jury on January 26, 2026. A Telephonic Status Conference before the Magistrate Judge was scheduled for December 8, 2025 (Dkt. 49). Ms. Monday failed to appear for the conference and "due to Plaintiff's repeated failure to comply with the Court's orders, the Magistrate Judge recommends to the District Judge that this complaint be DISMISSED WITHOUT PREJUDICE. " (Dkt. 53 at 2).

In her objection to the Report and Recommendation, Ms. Monday explains that she missed the telephonic status conference because she mixed up her court dates in a separate state court matter that coincided with the dates in this case (Dkt. 54). However, the chronological case summary from the state court matter shows otherwise. The final pretrial conference in the state case was set for a date nearly four weeks before the status conference here. *See* Order Resetting Case, *State of Indiana v. Miranda Monday*, No. 55D03-2508-F6-488 (Marion Super. Ct. November 12, 2025). Therefore, there was no scheduling conflict on the date of the status conference, and

there should have been no confusion about Ms. Monday's obligations to appear telephonically on December 8, 2025.

The Court acknowledges that Ms. Monday is self-represented, and her pr*o se* filings are construed liberally, however, *pro se* litigants such as Ms. Monday are not exempt from procedural rules. *See Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008) (noting that "*pro se* litigants are not excused from compliance with procedural rules"); *Members v. Paige*, 140 F.3d 699, 702 (7th Cir. 1998) (stating that procedural rules "apply to uncounseled litigants and must be enforced").

Ms. Monday's failure to appear on December 8, 2025 is not her first instance of noncompliance with Court orders. It follows two previous unexcused absences from court proceedings: the telephonic status conference on April 16, 2025 (Dkt. 46) and the show cause hearing on May 21, 2025 (Dkt. 48). After each absence, the Magistrate Judge expressly warned Ms. Monday that her claims could be dismissed if she failed to prosecute or comply with court orders. (*See* Dkt. 46; Dkt. 48)("[A] failure to comply with court orders, participate in discovery, or appear for conferences may result in sanctions, up to and including dismissal of the case."). The Magistrate Judge reiterated this warning at a June 26, 2025 conference, where Ms. Monday acknowledged that she understood the potential ramifications of future noncompliance. (Dkt. 49) ("Plaintiff indicated that she understood and that she further understood that her case could be dismissed in the event of future non-compliance.").  At the conclusion of the June 26th conference, the Magistrate Judge re-instated case deadlines and ordered the parties to file final witness and exhibit lists by July 30, 2025. *Id*. Defendant filed its final witness and exhibit list well in advance of this deadline. (Dkt. 47). To date, Ms. Monday has not filed any final witness or exhibit list.

A district court has inherent power to sanction a party who 'has willfully abused the judicial process or otherwise conducted litigation in bad faith." *Secrease v. W. & S. Life Ins.*, 800 F.3d 397, 401 (7th Cir. 2015); *see also S.E.C. v. First Choice Mgmt. Servs.*, *678* F.3d 538, 543 (7th Cir. 2012) ("Judges have inherent authority to impose sanctions for misconduct by litigants, their lawyers, witnesses, and others who participate in a lawsuit over which the judge is presiding."). In deciding what measure of sanctions to impose, the district court should consider the egregiousness of the conduct in question in relation to all aspects of the judicial process." *Greviskes v. Universities Rsch. Ass'n, Inc.*, 417 F.3d 752, 759 (7th Cir. 2005) (cleaned up). "Sanctions, including dismissal, must be proportionate to the circumstances. *Donelson v. Hardy*, 931 F.3d 565, 569 (7th Cir. 2019) (internal citation omitted).

Considering the repeated warnings and notice, her failure to file a witness or exhibit list for the impending trial, and for her failure to appear for the December 8, 2025 telephonic status conference on the eve of her jury trial scheduled for January 2026, the sanction of dismissal is warranted. By failing to file her witness and exhibit list, Ms. Monday has ignored the pending litigation, which is prejudicial to the Defendant's ability to proceed in the efficient prosecution of its case and prejudicial to the Court's orderly administration of its docket. Because Ms. Monday once again failed to meet court-ordered deadlines and did not appear on December 8, 2025 for a Court proceeding for the third time, her Objection is **overruled** and the Court **adopts** the Magistrate Judge's Report and Recommendation.

### III.    CONCLUSION

Upon de novo review, the Court finds that the Magistrate Judge's recommendations are supported by substantial evidence and not the result of an error of law. For the reasons explained in this Order, Plaintiff Miranda Monday's Objection to the recommendation of the Magistrate

Judge, Dkt. [54] is **OVERRULED**. The Court, having considered the Magistrate Judge's Report and Recommendation, Dkt. [53] hereby **ADOPTS** it, and this action is **DISMISSED WITHOUT PREJUDICE.** The final pretrial conference date and jury trial dates are **VACATED.**

Final judgment will issue under separate order.

**SO ORDERED.**

Date:   12/23/2025

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

MIRANDA MONDAY
7507 Turnberry Court
Indianapolis, IN 46237

Alexandra Megan Dowers
alexandra@mjcattorneys.com

Christopher Paul Jeter
Massillamany Jeter & Carson LLP
chris@mjcattorneys.com